Good morning may it please the court. My name is Eitan Kaslianich. I am representing Mark Chesler in this appeal. Chesler was working as a journeyman grade checker in heavy construction in November 2007 until he had a bad accident at work. One of his co-workers threw a tape measure to him. He missed it. It hit him in the face. Freak accident. It knocked him out. It broke most of the teeth in his mouth and he after he was bleeding and like crazy after about an hour he tried to actually keep working. He couldn't but he tried. As a result of this accident he was in a lot of pain for a long time. His teeth were all to have them removed. This case had some this is nothing to do with Social Security. This is before he even filed his claim. He had a labored industries claim which is workers compensation in Washington and tried to get treatment. Tried to get they basically told him he needed to get all of his teeth pulled but labored industries wouldn't approve it and he couldn't afford it because he had couldn't work because he was in too much pain to work. The other thing is that because of the type of work he did it was a type of job where he was not allowed to be on any types of medications pain medications. They had drug testing. You could not be on that work site. It was too dangerous. So that ruled out his ability to work at his former job and so he tried. It was too dangerous. I didn't hear that well. It was too dangerous because of the medication he was on? Yes they would not allow anyone on those medications to be on the construction site. So what should have happened is somehow someone should have stepped in the state. He applied to the state. Applications got lost. He fell through the cracks. As a result it took him 27 months before he was finally able to get his teeth pulled. During that time period at first he continued to work a 2008 he reached a point where he just couldn't work anymore and a few months later he actually four months later he finally was told to advise to apply for social security disability. Well the problem here let's point to turn to the ALJ's decision. The issue here is a little unusual. I'm not asking the court to rule and I don't think the courts in a position to rule on whether or not Mr. Chesler was disabled at any time period that's the relevant time period here and the relevant time period is between August of 2008 and the date of the ALJ's decision which was in March of 2011. Can you hear me? Yes. Okay my question is this. The administrative law judge gave a number of reasons for not fully crediting your client's extent of pain testimony and it seems to me that the most difficult from your perspective is that your client actually did work during the period of claim disability when he could find it and the ALJ therefore concluded that the erratic work was likely more likely due to the availability of jobs and I wonder if you would address why we should not find those reasons that the ALJ gave to be permissible reasons to not credit the extent of pain testimony. Because the ALJ's reason was based on the fact that he had continued to work until August of 2008 with not much success I'm not even sure he had some short periods that were substantial gainful activity but the real issue is that beginning in August of 2008 he had a period of about a year and a half where he was unable to perform substantial gainful activity. He was able to do occasional odd jobs labor ready jobs now and then. So he wasn't able to do it on account of the pain? On account of depression? During this time. Let me ask you about the pain part of it. Okay go ahead. In February of 2009 Dr. Patrick Medecky found that the petitioner did not appear to be in pain and takes no routine pain medication. Doesn't that break the 12 continuous months of this impairment? Dr. Medecky was a one-time evaluation and that just is a read on whether or not he was in pain that one day. The actual records from these treating sources shows that the pain was ongoing for several years. But he also said that he takes no routine pain medication. Wouldn't that have come from your client? Yes but that at that point could have also been explained by his lack of insurance. I'm not sure that he had medical insurance at that time. He also worked I know there's a dispute about this tree-cutting job about when it was but it was during at some point during this time period which sounds like fairly heavy work and he did and there was no indication that he wasn't able to do it. Is that right? That is correct but that was not until about December I believe of 2010. This is like this is well after his the year and a half where in which he was unable to work and there was like one of the problems here is that the ALJ's reasons ALJ had some clearly false reasons for rejecting his testimony. Let me just stop there. I was surprised when you said that the period of disability went on until the decision for that reason. You now seem to be saying that it ended at some earlier point. Once he got his teeth once he got the teeth pulled and so on why wasn't that the end of any even arguable period of disability? His depression continued beyond that but I think you're correct that if an ALJ barely went beyond step two in her analysis an ALJ could I think reasonably conclude well she could reasonably conclude that his disability continued through the date of her decision because he was still not working at SGA or she could reasonably conclude that shortly after the teeth were repaired he at least could have done some type of work on a continuous basis. The problem is she never went beyond step two. She simply said he doesn't have any severe impairment. He doesn't have any severe impairment that lasted more than... And what's the definition of a severe impairment? More than minimally affects your ability to perform any basic work activity. It's a very... I can say by the way at the outset that of course you can reserve time if you want to. I'm sorry? Yes. You may reserve time if you want to. I would like to reserve time right now. Thank you. Thank you. Good morning. My name is John Lamont and I'm representing the Acting Commissioner of the Social Security Administration. Mr. Chesler is seeking only a closed period of disability in this case and his theory is that dental problems prevented him from working and once his teeth were pulled he could work again. The problem is that as the ALJ put it quote the claimant worked throughout the period at issue when able to find work. On occasions when he worked less or was not working at all it was due to unavailability of work and not due to symptoms. I'm not sure what that means exactly. I mean whether it's available to him will have something to do with whether he's able to work or not. I mean with for example it was said that there was a problem with the medication which made him unable to work at certain jobs or if he was in very bad pain that would limit the number of jobs. The standard is more than minimally affect work activity. Is that correct? Is that the right standard? You're talking about for whether or not there's a severe impairment? Yes. Yes the question is whether there is. All right so so the question isn't whether he it seems circular to me to say without some proof that it wasn't available that the availability wasn't somehow linked to some effect on his ability to conduct work activity. How do we know that? Your Honor I think the proof is in the working full-time. He says that he's disappointed that he doesn't have more hours. The proof is in his treating therapist as a as an assignment for his mental health therapy is to continue to work as much as possible. So I think when we're talking about unavailability of work I see your point in terms of well maybe it's unavailable because of his because he has side effects from medication but I think it's relatively clear in the ALJ's decision that when she is talking about unavailability she's talking about economic reasons and whether or not he can just whether or not there's work out there he can secure. And what is the evidence to support that? That the reason he couldn't get a job was economic reasons? I mean I understand this man worked continually for 30 years. It wasn't as if he wasn't working for a long time. Right. So he had a resume that showed that he could work. Right. So when we're talking about there being some reason he can't work that reason also needs to be tied to a medically determinable impairment. And so when we're looking at so we have sort of two two impairments here. One where we have some talk about depression and on the other hand the effects of pain. And in terms of depression it's true that in April 2008 he told his treating therapist that he was too depressed to get out of bed. But at the same time it's true that he started medication and in May he reported that that medication was effective. He was looking for work and one month later he had a full time job. So there's no evidence that a full time job meaning more than a couple of days. It says full time job. I have a new job but then he seems to last a week. Right. It says he has a full time job. That's what's in the record. I can't say beyond what's in the record what that means. But I think it is clear that there at no point does he say he can't do the job because he has because of his pain or because of his depression. Although I think the only period during the only time during the relevant period that shows Mr. Chesler's pain actually affected his ability to work was right at the time when his teeth were pulled and that was on March 1st 2010. On March 2nd he told Ms. Beaker that he would call his supervisor to take a day off because of pain. So that's really the only evidence about pain affecting his ability to work. Now there is Ms. Beaker that's his that was his therapist at Cascade Mental Health Care. She did draft a letter in April 2010 and that letter was Mr. Chesler had failed to complete court ordered community service. And in the letter she said that Mr. Chesler wasn't able to do that community service because his pain was so intense that he wasn't able to focus on anything. But at the same time it's worth noting that Ms. Beaker knew that Mr. Chesler was working throughout this period and the homework that she gave him as part of  So I think even setting aside what Mr. Chesler's work activity says about the effects of his pain, the medical evidence also shows that pain did not measurably limit him. So for example, mental status examinations were within normal limits and as was previously noted when Dr. Radeke examined Mr. Chesler he remarked that Mr. Chesler did not appear to be in pain and the only limitation that Dr. Radeke actually identified is that Mr. Chesler would have to chew carefully. And while that's certainly problematic it's not a basic work activity that would reduce Mr. Chesler's ability to work. I think it's also clear that mental health his mental health didn't prevent him from working because he reported over and over that he felt better when he was working. When Mr. Chesler missed a mental health appointment he said quote I guess I was working and forgot about it. That's in the record at 429. And as I said the therapy homework that Ms. Beaker gave Mr. Chesler included that he worked when work was available. So working was not the problem it was the cure. The only difficulty for Mr. Chesler was in finding it. What I'm sorry I didn't hear that. The only difficulty for Mr. Chesler was finding it. So on the one hand he says that he couldn't work because he was depressed but in fact he was depressed because he couldn't find a job and that's just not what the disability that's just not disability within the meaning of the Social Security Act. Unless the court has any questions that concludes my remarks. None from here thank you. Thank you. Thank you Constable. Thanks. Once again the problem with the government's argument here and with the ALJ's decision is it's all about stuff that comes after the step to determination. You can't turn somebody down at step two because they're doing some sporadic work activity. The question is do they have a physical or mental impairment that more than minimally affects their ability to perform any basic work activities. The fact is that he did not sustain work even though during that time period he was homeless he was living in his car and he was desperate for work. Of course he worked as much as he possibly could. He was in clear as to how long he was homeless? It's not exactly clear but it shows up throughout the treatment notes where he just lost everything he lost. It shows up in December of 2008 with Dr. Brown. He was living in his car with his dog. Right. But after that I didn't see. Well he did there's notes treatment notes that show that mental health helped him eventually get housing subsidized housing. That does show up in their notes. The other thing that I guess skews the whole analysis here that I think is very significant and bears repeating or mentioning is that the ALJ accused Chesler's mental health therapist of providing false opinions in their treatment notes in order to quote in order to continue to keep his file open and to be able to build DSHS. That is outrageous language. It's unsupported by any evidence and an ALJ that's rejecting the opinions of patients. It's nonsense like that. Wasn't the ALJ concerned about the fact that this GAF score of 48 to 50 was the score that your client received before his teeth were pulled out it was the same score he received after his teeth were pulled out. It was pretty much consistent throughout notwithstanding that the other doctors the treating physicians the examiners would note that there would be ups and downs but with GAF score isn't is not the final word ever on this. All GAF score does is sort of summarize what you're actually seeing in the day-to-day treatment and in the day-to-day treatment they were describing him as yes there were days where he's trying to work and there were a lot of times where he was just down and depressed and didn't want to get out of bed so it's always between 48 and 50 regardless of what was going on. Well that was their overall view of his mental health state. That's correct. I'm just saying that you can't look at that and then say oh therefore these people are lying in their treatment notes in order to keep him on their caseload. They've got better things to do than help people who don't need help and a bill thrower that's fraud I mean that's just once again it's unsubstantiated it's not supported by substantial evidence it was part of the ALJ's analysis and then concluding that Mr. Chesler at no time had any severe mental or physical impairment at all nothing that lasted 12 months. The record here does not support that and that's why I'm asking for a remand to an ALJ so that they can go beyond step 2 and evaluate what time period did he have what level of limitations. The ALJ never got to step 3, 4, 5 never evaluated his RFC all we've got is a step 2 denial that's not supported by substantial evidence and it's based on legal errors of applying the wrong legal standards. Thank you very much your time has expired plus some and the case of Chesler versus Colvin is submitted we will go on to Sosa Santiago versus Lynch
judges: Graber, Berzon, Curiel